JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  310-507-7924
Fax:  310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

W. CRAFT HUGHES (*Pro Hac Vice* pending*)*
JARRETT L. ELLZEY (*Pro Hac Vice* pending*)*
**HUGHES ELLZEY, LLP**
2700 Post Oak Boulevard, Suite 1120
Houston, Texas 77056
Telephone: (713) 554-2377
Fax: (888) 995-3335
*craft@hughesellzey.com*
*jarrett@hughesellzey.com*

***Attorneys for Plaintiff and all others similarly situated***

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| SHERMAN SMITH, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED CONSUMER FINANCIAL SERVICES COMPANY, a Delaware Corporation; and DOES 1 through 50, inclusive, and each of them, <br><br> Defendants. | Case No. <br><br> **<u>CLASS ACTION</u>** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> (1)  Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* <br> (2)  Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* <br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Sherman Smith ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant United Consumer Financial Services Company ("Defendant" or "UCFS") and DOES 1 through 50, in contacting Plaintiff as well as knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in Ohio at 865 Bassett Road, Westlake, Ohio 44145. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. §§ 1391(b) and 144(a) because Defendant does business within the State of California and County of Riverside.

## PARTIES

4.     Plaintiff, Sherman Smith ("Plaintiff"), is a natural person residing in Moreno Valley, California.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1    5.    Defendant United Consumer Financial Services Company

2  ("Defendant" or "UCFS") is a Delaware corporation with its principal place of

3  business at 865 Bassett Road, Westlake, Ohio 44145. Plaintiff is informed and

4  believes that UCFS conducted and conducts business in Riverside County,

5  California. UCFS may be served through its registered agent for service of

6  process, Corporate Creations Network Inc. at 3411 Silverside Road, Rodney

7  Building #104, Wilmington, Delaware 19810.

8    6.    The above named Defendant, and its subsidiaries and agents, are

9  collectively referred to as "Defendants."

10    7.    The true names and capacities of the Defendants sued herein as

11  DOE, inclusive, are currently unknown to Plaintiff, who therefore sues such

12  Defendants by fictitious names.  Each of the Defendants designated herein as a

13  DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will

14  seek leave of Court to amend the Complaint to reflect the true names and

15  capacities of the DOE Defendants when such identities become known.

16    8.    Plaintiff does not yet know the identity of Defendants'

17  employees/agents, identified as DOES 1 through 50, that had direct, personal

18  participation in or personally authorized the conduct found to have violated the

19  statute, and were not merely tangentially involved. They are named tentatively as

20  numerous District Courts have found that individual officers/principals of

21  corporate entities may be personally liable (jointly and severally) under the

22  TCPA if they had direct, personal participation in or personally authorized the

23  conduct found to have violated the statute, and were not merely tangentially

24  involved. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex.

25  2001) ("*American Blastfax*"); *Sandusky Wellness Center, LLC v. Wagner

26  Wellness, Inc.*, 2014 WL 1333472, at * 3 (N.D. Ohio March 28, 2014); *Maryland

27  v. Universal Elections*, 787 F.Supp.2d 408, 415-16 (D.Md. 2011) ("*Universal

28  Elections*"); *Baltimore-Washington Tel Co. v. Hot Leads Co.*, 584 F.Supp.2d

736, 745 (D.Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*, 2003 WL 21384825, at *6 (D.C.Super Apr. 17, 2003); *Chapman v. Wagener Equities, Inc.* 2014 WL 540250, at *16-17 (N.D.Ill. Feb. 11, 2014); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F.Supp.2d 1316, 1321 (D.Wy.2011) ("*Versteeg*"). Upon learning of the identities of said individuals, Plaintiff will move to amend to name the individuals as defendants.

9.      Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

10.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

///
///
///
///
///
///
///
///
///
///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

## TELEPHONE CONSUMER PROTECTION ACT

11.    Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[1] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500 or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

12.    Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.  *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-

---

[1]    Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

order. The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

13.     The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber.  If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

14.     Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the

National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

15.     Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

16.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTUAL ALLEGATIONS

17.     Beginning on or around the July 1, 2016 around 8:15 a.m. Pacific Time, Defendants contacted Plaintiff on his cellular telephone at (310) 272 - ****, in an attempt to communicate with an individual who allegedly owes a debt. The original calls came from what is believed to be an internet generated spoof number starting with the area code prefix (909). Defendant is known to use the numbers (909) 320-2340, (860) 724-4659, (440) 250-5523, and (863) 873-2617.

18.     Defendant used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff seeking to communicate with Plaintiff regarding online marketing services.

19.     Defendant's call(s) constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

20.     Defendant's call(s) were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     Defendant's calls begin with a pause, and then a live person comes on the line. Defendant's representative would then ask to speak with an unknown individual who allegedly owes a debt to Defendant.

22.     Each time Plaintiff answered a call from Defendants, he informed the representative that they were calling the wrong number and Plaintiff had no knowledge of the individual that Defendant was attempting to contact. Plaintiff further demanded that Defendant stop contacting Plaintiff.

23.     Despite Plaintiff's statements that Defendants were calling the wrong number, they continued to contact him on his cell phone.

24.     Defendant never received Plaintiff's "prior express consent" to receive calls using an automated dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

## CLASS ALLEGATIONS

25.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant(s) to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided express consent to receiving such calls within the four years prior to the filing of this Complaint.

///

1
2
3
4
5
6

7
8
9
10
11
12

13
14
15

16
17
18
19
20
21

22
23
24
25
26
27
28

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

26.     Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any telephone call from Defendant(s) to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

27.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

28.     This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

29.     **Numerosity**:  The proposed Class is so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

30.     Plaintiff and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Defendant(s) illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their "prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff

1  and Class members.

2  31. **Common Questions of Law and Fact Predominate**: There are

3  only a few legal and factual issues to determine if there is liability under the

4  TCPA and for each of those questions of law and fact, common issues to the

5  Class predominate over any questions that may affect individual Class members,

6  in that the claims of all Class members for each of the claims herein can be

7  established with common proof. Common questions of fact and law include, but

8  are not limited to, the following:

9    (a)  Whether, within the four years prior to the filing of this

10         Complaint, Defendant(s) made any calls (other than a call made

11         for emergency purposes or made with the prior express consent

12         of the called party) to a Class member using any automated

13         dialing system or an artificial or prerecorded voice to any

14         telephone number assigned to a cellular telephone service;

15   (b)  Whether Plaintiff and the Class members were damaged thereby,

16         and the extent of the statutory damages for each such violation;

17         and

18   (c)  Whether the Defendant(s) should be enjoined from engaging in

19         such conduct in the future.

20  32. **Typicality**: Plaintiff's claims are typical of the claims of members

21  of the Class, as Plaintiff was subject to the same common course of conduct by

22  Defendant(s) as all Class members. The injuries to each member of the Class

23  were caused directly by Defendant(s)' wrongful conduct as alleged herein.

24  33. **Adequacy of Representation**: Plaintiff will fairly and adequately

25  represent and protect the interests of the Class. Plaintiff has retained counsel with

26  substantial experience in handling complex class action litigation. Plaintiff and

27  his counsel are committed to prosecuting this action vigorously on behalf of the

28  Class and have financial resources to do so.

*Kristensen Weisberg, LLP*
*12304 Santa Monica Blvd, Suite 100*
*Los Angeles, California 90025*

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL
**-10-**

34.     **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

35.     Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

36.     Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

///

///

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,

### 47 U.S.C. *ET SEQ.*)

### (Against All Defendants)

37.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

38.     The foregoing acts and omission of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

39.     As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### (KNOWING AND/OR WILLFUL VIOLATION OF

### THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

### (Against All Defendants)

41.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

42.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

43.     As a result of Defendant(s)' violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory

1   damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and

2   47 U.S.C. § 227(b)(3)(C).

3        44.     Plaintiff and the Class members are also entitled to and seek

4   injunctive relief prohibiting such conduct in the future.

5   **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for

7   relief and judgment as follows:

8        1.     An order certifying this action as a class action and appointing

9   Plaintiff and his counsel to represent the Class;

10       2.     For the first cause of action:

11       •  Plaintiff and Class members are entitled to and request $500.00

12          in statutory damages, for each and every violation, pursuant to 47

13          U.S.C. § 227, *et seq*.;

14       •  Preliminary and permanent injunctive relief enjoining

15          Defendant(s), their agents, servants and employees, and all

16          persons acting in concert with them, from engaging in, and

17          continuing to engage in, the unlawful calls made with automated

18          dialing systems to cellular phones without prior express consent;

19       •  Attorneys' fees, costs and any and all other relief that the Court

20          deems just and proper.

21       3.     For the second cause of action:

22       •  Plaintiff and Class members are entitled to and request $1,500.00

23          in statutory damages, for each and every violation , pursuant to

24          47 U.S.C. § 227, *et seq*.;

25       •  Preliminary and permanent injunctive relief enjoining

26          Defendant(s), their agents, servants and employees, and all

27          persons acting in concert with them, from engaging in, and

28          continuing to engage in, the unlawful calls made with automated

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated:  October 10, 2016                    Respectfully submitted,

                                        By:  */s/ John P. Kristensen*

                                        John P. Kristensen (SBN 224132)
                                        *john@kristensenlaw.com*
                                        David L. Weisberg (SBN 211675)
                                        *david@kristensenlaw.com*
                                        **KRISTENSEN WEISBERG, LLP**
                                        12304 Santa Monica Blvd., Suite 100
                                        Los Angeles, California 90025
                                        Telephone:  (310) 507-7924
                                        Fax:  (310) 507-7906

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated:  October 10, 2016

Respectfully submitted,

By:  */s/ John P. Kristensen*

John P. Kristensen (SBN 224132)
David L. Weisberg (SBN 211675)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025